NO. 07-06-0132-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY, 2007

______________________________

TIMOTHY B. MIERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439062; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

Pursuant to a plea of guilty, on August 20, 2002, Appellant, Timothy B. Miers, was convicted of driving while intoxicated, enhanced.  Punishment was assessed at five years confinement, suspended for five years.  Upon the State’s 
First Amended Application to Revoke Community Supervision
 for violations of the terms and conditions thereof, the trial court heard evidence and on March 15, 2006, revoked Appellant’s community supervision and sentenced him to four years confinement.  The clerk’s record was filed on June 15, 2006, and the reporter’s record was filed on July 12, 2006.  A supplemental reporter’s record was filed on November 20, 2006.  Appellant’s brief was due to be filed on or before December 20, 2006, but has yet to be filed.  By letter dated January 3, 2007, this Court notified counsel of the deficiency and advised counsel that if no brief or response was received by January 16, 2007, the appeal would be abated to the trial court for further proceedings pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure.  Appellant’s counsel, Maxwell C. Peck, has previously filed three motions for extension of time to file Appellant’s brief; however, neither the brief nor a response was filed to this Court’s January 3 notice. 

Therefore, we now abate this appeal 
and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:  

1.   whether Appellant desires to prosecute the appeal;

if Appellant desires to prosecute this appeal, then whether Appellant is indigent; 

3. whether present appointed counsel should be replaced; and

what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss this appeal if Appellant no longer desires to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. 

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant does want to continue the appeal and the court determines that present counsel should be replaced, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court.  Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by February 20, 2007.

It is so ordered.

Per Curiam

Do not publish.